## The Chicago and Alton Railroad Company

*v.*

### Samuel Umphenour.

1. Negligence—*in fencing railroad track.* The statute makes it the duty of railroad companies "to erect and maintain fences suitable and sufficient to prevent cattle, horses, sheep and hogs" from getting upon their road. Where the proof shows that their fence, at the place where plaintiff's mare got upon the track of defendant's railroad and was killed, was not of that description, the defendant will be liable to the owner.

2. Same—*temporary insufficiency of fence.* A railroad company will not be liable for the temporary insufficient condition of its fence, unless it has notice thereof, and neglected thereafter to repair.

Appeal from the Circuit Court of Livingston county; the Hon. Charles H. Wood, Judge, presiding.

This was an action on the case, by Samuel Umphenour against the Chicago and Alton Railroad Company, to recover damages for the killing of plaintiff's stock, which had got upon the defendant's track through the insufficient condition of its fence. The plaintiff recovered and the defendant appealed.

Mr. L. E. Payson, for the appellant.

Mr. A. E. Harding, and Mr. J. T. Terry, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

The duty imposed upon railroad companies by statute, (1st Gross, 539, sec. 1,) is "to erect and maintain fences suitable and sufficient to prevent cattle, horses, sheep and hogs from getting on to such railroad."

It was proved on the trial, in the court below, by the testimony of appellee, and also by that of Burns and Henry, that the fence of appellant, where appellee's mare got upon the railroad, was not of that description, and we think the jury were clearly authorized to find as they did.

We perceive no error in refusing the instruction asked by appellant. The court had previously, at its instance, instructed the jury, "that if the fence in question, at the place where it was broken down, and where the mare got upon the right of way, had been sufficient during the summer to turn appellee's stock, and that it was in the same condition on the afternoon of the day preceding the night that the mare was killed, then the defendant is not liable for the value of the mare. The company are not liable for temporary insufficient condition of their fences, unless they have notice thereof, and neglect thereafter to repair." This stated the law, applicable to the case, quite as favorably to the appellant as was proper. Whether the fence was sufficient to prevent cattle, horses, sheep and hogs from getting on to the railroad, was properly

determined by an examination of the fence itself, and not by the previous conduct of animals which had been pastured on the ground which it, in part, inclosed.

The judgment of the court below is affirmed.

*Judgment affirmed.*